FILED
2015 Sep-15  AM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN PALM, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  5:15-cv-00292-MHH** |
| | } | |
| **STREAMLINE AUTOMATION,** | } | |
| **LLC and ALTON J. REICH,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This opinion concerns a proposed FLSA settlement.  In his complaint, plaintiff Kevin Palm contends that defendants Streamline Automation, LLC and Alton J. Reich violated provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.  The parties have agreed to settle Mr. Palm's FLSA claims, and they have asked the Court to review the terms of the proposed settlement.  (Doc. 21).  For the reasons stated below, the Court approves the settlement because it is a fair and reasonable compromise of a bona fide dispute.

## I.    BACKGROUND

Mr. Palm filed this lawsuit on February 17, 2015.  (Doc. 1).   In his complaint, Mr. Palm states that he worked for Streamline from September 2013

until September 2014 as a sales and CNC machinist.  (Doc. 1, ¶ 13).  Streamline classified Mr. Palm as non-exempt hourly employee, and Mr. Palm did not supervise other employees.  (Doc. 1, ¶ 18).  Mr. Palm contends that he regularly worked more than 40 hours per week, and Streamline paid some but not all of his overtime hours at one and a half times his regular rate of pay.  (Doc. 1, ¶ 14).

According to Mr. Palm, on several occasions when he tried to submit more than forty hours per week, his supervisor, Mr. Reich, told him that he (Mr. Palm) could not submit more than forty hours per week.  (Doc. 1, ¶ 15). Mr. Palm alleges that in some instances when he did submit more than forty hours per week, the overtime hours were deleted from his time records. (Doc. 1, ¶ 16).  Streamline denies that it has violated any provisions of the FLSA and that Palm is entitled to relief.  (Doc. 10, p. 2).  Streamline also asserts as a counterclaim that Mr. Palm entered into a confidentiality and non-competition agreement with Streamline and that Mr. Palm breached the agreement by using Streamline's proprietary information and engaging in prohibited business activities and solicitation of Streamline's customers. (Doc. 10, pp. 7, 10).

As part of their settlement negotiations, the parties engaged in mediation with the assistance of the Honorable Arthur J. Hanes, Jr.  As part of the mediation, Mr. Palm received information about the number of hours that he had worked for

2

Streamline.   (Doc. 21, p. 5).   The parties discussed both Streamline's possible wage exposure if Mr. Palm were to prevail and Mr. Palm's potential liability on Streamline's counterclaim.   (Doc. 21, p. 5).   In exchange for dismissal of this action with prejudice, Streamline has agreed to pay Mr. Palm a total gross sum of $18,000.00.  (Doc. 21, p. 9).  The $18,000.00 consists of $4,511.62 to Mr. Palm as compensatory damages; $5,900.00 to Mr. Palm for overtime wages; and $7,588.38 in attorney fees and costs.   (Doc. 21, pp. 9–10).   Streamline and Mr. Reich have also agreed to release all claims they might have against Mr. Palm, including the counterclaim brought in this action.  (Doc. 21, p. 11).

The settlement agreement between Mr. Palm, Streamline, and Mr. Reich contains broad language that releases any claims the parties might have against each other.  (Doc. 21, pp. 10–11).  The agreement also provides that Mr. Palm will not seek future employment with Streamline.  (Doc. 21, p. 12–13).  Finally, the parties have agreed not to make a statement or take an action that would cast an opposing party "in a negative light," except to testify truthfully in a legal action. (Doc. 21, p. 12).

On this record, the Court considers the parties' motion to approve the proposed settlement of Mr. Palm's FLSA claim.

3

## II.    DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'  Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a).  Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.'"  *Barrentine*, 450 U.S. at 739 (emphasis in original).  In doing so, Congress sought to protect, "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945)).

If an employee proves that his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs.  29 U.S.C. § 216(b).  "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*,

4

307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353*; see also Hogan*, 821 F. Supp. 2d at 1281–82.[1] "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to

---

[1] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." 679 F.2d at 1352–53 (footnotes omitted). The Eleventh Circuit recently reiterated the import of *Lynn's Food*. *See Nall v. Mal–Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  The information that the parties provide also should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement.  *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).

Based on the Court's review of the proposed settlement agreement and the information that the parties submitted in writing and during a settlement hearing, the Court finds that there is a bona fide dispute in this matter that supports the proposed settlement.[2]  Mr. Palm maintains that Streamline did not compensate him for all the hours he worked in excess of forty hours per week.  Streamline denies that it failed to properly compensate Mr. Palm.  The settlement proceeds of $4,511.62 in compensatory damages and $5,900.00 in overtime wages represent a fair and reasonable compromise based on the existing evidence regarding unpaid wages.  The settlement figure represents a substantial percentage of Mr. Palm's claimed back wages, and the parties agree that the total amount received by Mr.

_____

[2] The Court held a hearing on the motion for settlement approval on September 9, 2015.  A transcript is available upon request.

Palm may exceed the back pay he could recover in this action.  The Court finds that the settlement amounts are fair and reasonable under the circumstances of this case.

The parties negotiated, and Streamline does not object to, attorney's fees of $7,588.38.  The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352); *see also Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1291 (N.D. Ala. 2014) (noting that even where payment of attorney's fees does not reduce the compensation negotiated for and payable to an FLSA plaintiff, "the court is required to review for fairness and approve the fee and expenses proposed to be paid by the defendants in the settlement.") (citing *Silva*, 307 Fed. Appx. at 349).

Following the September 9, 2015 hearing in this matter, Mr. Palm's attorney submitted a breakdown of the charges that comprise the attorney's fee of $7,588.38.  (Doc. 25).  The Court finds that this amount adequately compensates counsel for the time invested in this action.   Based upon the information submitted to the Court, it does not appear this attorney's fee award compromises Mr. Palm's recovery in any way.   Accordingly, the Court concludes that under *Silva*, the

agreed attorney's fee adequately compensates Mr. Palm's counsel and does not taint Mr. Palm's recovery.

In addition to paragraph 1 concerning settlement payments, certain provisions of the settlement agreement require scrutiny. First, paragraph 2 contains broad release language that generally is ill-suited to an FLSA release. *Hogan*, 821 F. Supp. 2d at 1284 (stating that pervasive release language in an FLSA settlement is "overbroad and unfair" and should be "closely examined"). Here, the release language pertains not only to Mr. Palm's FLSA claim but also to Streamline's counterclaim and the resolution of a general business dispute between the parties. Because the settlement encompasses a non-FLSA claim, the pervasive release provision will not stymy the settlement. For the same reason, paragraph 2.9, which ordinarily would constitute an impermissible side deal regarding Mr. Palm's future employment, will not hinder this FLSA settlement. *Id.* at 1282; *see also Parker v. Encore Rehabilitation, Inc.*, 2012 WL 6680311, *5–6 (S.D. Ala. Dec. 21, 2012). Finally, paragraph 2.8 regarding non-disparagement is permissible because the provision contains mutual covenants.

## III. CONCLUSION

For the reasons stated above, the Court approves the parties' proposed settlement of Mr. Palm's FLSA claim. The Court concludes that there is a bona

fide dispute regarding Mr. Palm's FLSA claim, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute.  Therefore, the Court approves the FLSA settlement.  By separate order, the Court will dismiss this action.

**DONE** and **ORDERED** this September 15, 2015.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE